1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOEL HOLLEY,

11            Plaintiff,                  No. CIV S-10-0615 EFB P

12        vs.

13   GARY SWARTHOUT, et al.,

14            Defendants.              ORDER AND
                                       FINDINGS AND RECOMMENDATIONS
15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.   He requests a temporary restraining order to prevent him from being transferred

18   to another institution until litigation in this action has concluded.  Dckt. Nos.  23, 24, 25.

19   Plaintiff states that on February 9, 2011 a classification committee recommended that he be

20   transferred to a different institution in order to meet plaintiff's unspecified medical needs.  Dckt.

21   No. 24. at 1-2.  Plaintiff states that any transfer to another institution will (1) interfere with his

22   ability to communicate with potential witnesses for this lawsuit, and (2) interfere with his ability

23   to gather relevant paperwork for his November 2011 parole hearing.  *Id.*  As explained below, it

24   is recommended that plaintiff's request for a temporary restraining order be denied.

25        "The standards for granting a temporary restraining order and a preliminary injunction

26   are identical."  *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997);

1

1    *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)

2    (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis

3    of a temporary restraining order).  A preliminary injunction will not issue unless necessary to

4    prevent threatened injury that would impair the court's ability to grant effective relief in a

5    pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.

6    1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction

7    represents the exercise of a far reaching power not to be indulged except in a case clearly

8    warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to

9    be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed

10   on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

11   the balance of equities tips in his favor, and that an injunction is in the public interest."

12   *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res.*

13   *Def. Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that

14   the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements

15   of the preliminary injunction test, so that a stronger showing of one element may offset a weaker

16   showing of another--survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v.*

17   *Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the

18   merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an

19   injunction, assuming the other two elements of the *Winter* test are also met." *Id.*  In cases

20   brought by prisoners involving conditions of confinement, any preliminary injunction "must be

21   narrowly drawn, extend no further than necessary to correct the harm the court finds requires

22   preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C.

23   § 3626(a)(2).

24          Plaintiff has not shown a likelihood of success on the merits, nor has he shown any

25   relationship between the preliminary relief sought and the subject matter of this lawsuit.  This

26   action proceeds on plaintiff's equal protection claims against defendants Singh, Sisto, Kesterson,

                                                    2

1   Roger, Fox, Torres, and Swarthout, based on their alleged imposition of race-based lockdowns.

2   Dckt. No. 5.  In contrast, his motion for injunctive relief involves his alleged need to remain

3   confined at his current institution.  Apart from plaintiff's unsupported allegations there is no

4   evidence establishing that plaintiff is likely to prevail on his equal protection claims, or that the

5   injunction sought is necessary to preserve the court's ability to grant effective relief on those

6   claims and that it is the least intrusive means for doing so.  Additionally, inmates do not have a

7   constitutional right to be housed at a particular facility or institution or to be transferred, or not

8   transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238,

9   244-48 (1983); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

10          The motion for injunctive relief is related to this lawsuit in that plaintiff claims he will

11  lose contact with potential witnesses.  However, plaintiff fails to show irreparable injury in this

12  regard.  He does not explain why he cannot obtain any necessary affidavits from these witnesses

13  prior to any transfer.  Nor does plaintiff explain why a transfer would likely result in an end to all

14  communication with these witnesses.  While face-to-face communications would no longer be an

15  option, plaintiff does not indicate why other, albeit less convenient, forms of communication,

16  including processes to compel attendance at trial, would be unavailable to him.

17          Accordingly, it is hereby ORDERED that the Clerk shall randomly assign a United States

18  District Judge to this case.

19          Further, it is RECOMMENDED that plaintiff's February 16, 2011 request for a

20  temporary restraining order be denied.

21          These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

26  ////

within the specified time may waive the right to appeal the District Court's order. *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE