IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL HOLLEY,

      Plaintiff,                        No. CIV S-10-0615 MCE EFB P

      vs.

GARY SWARTHOUT, et al.,

      Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's claims that officials at California State Prison, Solano, have a pattern of imposing systematic race-based lockdowns and/or modified programs, thereby denying plaintiff equal protection in violation of the Fourteenth Amendment. The complaint alleges two instances of these race-based lookdowns. The first allegedly began on June 16, 2009, and the second on December 24, 2009. Defendants Fox, Swarthout, and Torres ("defendants") move to dismiss claims against them on the ground that plaintiff did not exhaust his administrative remedies regarding the second alleged lockdown before filing suit, and that without those allegations, the remaining allegations fail to state a claim upon which relief may be granted. For the reasons stated below, the court recommends that defendants' motion to dismiss be denied.

1

**I.      Exhaustion Under The PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief. . . ."  *Booth*, 532 U.S. at 738.  Relying on *Booth*, the Ninth Circuit has held:

////

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Although a motion to dismiss for failure to exhaust administrative remedies prior to filing suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling on such a motion requires the court to look beyond the pleadings in the context of disputed issues of fact the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Because care must be taken not to resolve credibility on paper as it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint. *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Defendants bear the burden of proving plaintiff's failure to exhaust. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

On August 5, 2010, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

## II.  Discussion

Plaintiff's March 16, 2010 complaint alleges an equal protection claim based on allegations that prison officials at California State Prison, Solano have a policy and practice of imposing discriminatory race-based lookdowns.  Dckt. No. 1 at 5, 8 (alleging "defendants [have] refused to adhere to [a] court order dated May 13, 2009," mandating that such practices stop).  In support of this claim, plaintiff describes two alleged instances of race-based lockdowns.

Defendants move to dismiss on the ground that plaintiff did not exhaust his administrative remedies regarding the second alleged lockdown before filing suit and that the remaining allegations fail to state a claim upon which relief may be granted.

Pointing to exhibits filed with plaintiff's complaint, defendants note that plaintiff filed an appeal, log number SOL-09-01421, relating to the first alleged lockdown.  Dckt. No. 18 at 2 (citing to Dckt. No. 1, Exs. G, H).  According to defendants, this appeal appears to have exhausted plaintiff's administrative remedies only as to plaintiff's allegations regarding the first lockdown.  Dckt. No. 18 at 2; *see also* Dckt. No. 1, Ex. H (December 7, 2009 Director's Level Appeal Decision regarding appeal number SOL-09-01421).

In appeal number SOL-09-01421, plaintiff requested that prison officials at California State Prison, Solano "'cease and desist immediately' race based lockdowns and manage[ ] inmates based upon individual behavior and not perceived ethnicity."  Dckt. No. 1, Ex. H. Plaintiff complained that such lockdowns violated his constitutional right to due process and equal protection, as well as various court orders, including a May 13, 2009 order, specifically directing officials at California State Prison, Solano to stop imposing lookdowns based on race. *Id.*  Plaintiff stated that prison officials "totally ignore this order and continue [to] lockdown black inmates upon perceived ethnicity."  *Id.* ("Attached Sheet, continued from Section A").

Defendants do not address why this appeal was not sufficient to apprise the prison of the wrong for which plaintiff seeks redress – the alleged policy and practice of imposing lockdowns based on race. *See Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) ("The primary purpose

4

1  of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay
2  groundwork for litigation."); *see* Dckt. No. 18 at 2 (noting only that appeal number SOL-09-
3  01421 "is not the subject of" their motion).[1]  The record reflects that plaintiff filed and pursued
4  appeal number SOL-09-01421 through all levels of administrative review before the second
5  alleged instance of a race-based lockdown occurred.  Defendants have not shown why this
6  renders the appeal insufficient to exhaust plaintiff's available administrative remedies for
7  purposes of this action, as a plaintiff is not always required to exhaust administrative remedies
8  for every individual event alleged in a complaint.  *See, e.g., Corona v. Knowles*, No. Civ. 1:08-
9  00237 LJO DLB, 2009 U.S. Dist. LEXIS 108581, at *9-10 (E.D. Cal. Nov. 4, 2009) ("As Mr.
10 Cruz complained of a pattern and practice at KVSP, his original administrative complaint, which
11 specifically states that his rights were violated by KVSP's policy of imposing discriminatory
12 lockdowns and requests relief from further violations[,] . . . was therefore sufficient to alert
13 KVSP of the nature of the wrong and he did not need to file additional grievances."); *Hightower*
14 *v. Schwarzenegger*, No. Civ. 1:04-06026 OWW SKO, 2011 U.S. Dist. LEXIS 70084, at *26
15 (E.D. Cal. June 29, 2011) ("Repeated exhaustion of ongoing inadequate medical care is not
16 required.").  Accordingly, the court finds defendants have failed to satisfy their burden of
17 proving the absence of exhaustion.
18      The court finds that defendants' failure to state a claim arguments also fail because they
19 depend on the success of their failure to exhaust argument.  Dckt. No. 18 at 5-7.  Accordingly,
20 the court recommends that defendants' motion to dismiss be denied.
21 ////
22 ////
23

---

[1] Instead, defendants submit evidence that plaintiff filed a second administrative appeal, log number S-10-00062, relating to the second alleged lockdown. Dckt. No. 18, Cervantes Decl. ¶ 4, Ex. A. Defendants contend that plaintiff's claim regarding the second alleged lockdown is barred because appeal number S-10-00062 was not addressed at the final level of administrative review until June 22, 2010, after plaintiff had commenced this action. *Id.* at 4; Foston Decl. ¶ 3.

### III. Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' January 24, 2011 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE