IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL HOLLEY,

        Plaintiff,                      No. 2:10-cv-0615 MCE EFB P

    vs.

GARY SWARTHOUT, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Before the court is plaintiff's April 17, 2012 "amended complaint." For the reasons stated below, the court orders it stricken from the docket.

        This action proceeds on the March 16, 2010 complaint on plaintiff's claims against defendants Kesterson, Sisto, Rogers, Fox, Swarthout and Torres. *See* Complaint (Dckt. No. 1); March 29, 2012 Order ("Dckt. No. 64"). On March 29, 2012, the court dismissed defendant Singh from this action, but granted plaintiff leave to file an amended complaint in an attempt to state a claim against Singh. Dckt. No. 64. Plaintiff then filed an "amended complaint" naming Singh as the sole defendant. Dckt. No. 67.

        Defendants move to strike the complaint as un unauthorized pleading under Rule 12(f) of the Federal Rules of Civil Procedure, arguing it is neither an amended nor a supplemental

1

1  complaint. Dckt. No. 69. Plaintiff opposes the motion to strike on the ground that he complied
2  with the court's March 29, 2012 order granting him leave to amend. Dckt. No. 70.

3        Plaintiff is hereby informed that when a plaintiff is allowed to amend his complaint, he
4  must re-write or re-type it so that it is complete in itself without reference to any earlier filed
5  complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed
6  complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves
7  any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the
8  "'amended complaint supersedes the original, the latter being treated thereafter as
9  non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

10       Although plaintiff's allegations are held to "less stringent standards than formal
11 pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam),
12 plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of
13 the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993)
14 (procedural requirements apply to all litigants, including prisoners lacking access to counsel);
15 L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by
16 the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

17       The "complaint" plaintiff filed on April 17, 2012 concerns only plaintiff's allegations
18 against defendant Singh. It is therefore not complete in itself without reference to the original
19 complaint, unless plaintiff wishes to proceed against only defendant Singh in this action. Nor is
20 the filing an supplemental complaint within the meaning of Rule 15(d) of the Federal Rules of
21 Civil Procedure.

22       Accordingly, the court hereby ORDERS that:
23       1. Defendants' motion to strike (Dckt. No. 69) is granted.
24       2. Plaintiff's April 17, 2012 filing (Dckt. No. 67) is stricken and the Clerk shall make
25 notation of such on the docket and terminate docket number 71.
26 ////

3. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order to attempt to state a claim against defendant Singh. Any amended complaint must also include plaintiff's equal protection claims against defendants Kesterson, Sisto, Rogers, Fox, Swarthout and Torres, if plaintiff wishes to proceed on those claims in this action.

DATED: June 21, 2012.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE