IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL HOLLEY,

      Plaintiff,              No. 2:10-cv-0615 MCE EFB P

      vs.

GARY SWARTHOUT, et al.,

      Defendants.       <u>ORDER</u>

                             /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendants violated his right to equal protection of the laws by subjecting him to modified programs on two occasions on the basis of his race. The first modified program began on June 16, 2009, and lasted twenty-nine days. The second began on December 24, 2009, and lasted ten days.

      Before the court is plaintiff's motion to compel defendants' responses to his requests for admissions, requests for production, and interrogatories. Dckt. No. 78. Defendants opposed the motion and plaintiff filed a reply. Dckt. Nos. 84, 87-88. For the reasons stated below, the motion is granted in part and denied in part.

////

////

1

**I.     Clarification of June 22, 2012 Order (Dckt. No. 74)**

The docket reflects that on May 29, 2012, defendants requested an extension of time, to June 29, 2012, to serve their responses to plaintiff's first sets of interrogatories, requests for production of documents, and requests for admissions. Dckt. No. 72. The docket further reflects that on June 11, 2012, defendants requested a second extension of time, to June 29, 2012, to serve their responses to plaintiff's second sets of interrogatories. Dckt. No. 73.

On June 22, 2012, the court issued an order allowing defendants to serve their discovery responses by June 29, 2012 and directing the Clerk of the Court to terminate the docket entries for each of defendants' requests for extensions. Dckt. No. 74. Although the court intended to grant both of defendants' requests for extensions, it inadvertently identified only the discovery requests that were the subject of defendants' second request for an extension of time, and omitted reference to the discovery requests that were the subject of defendants' first request. The court now clarifies that earlier order and grants defendants' May 29, 2012 request for an extension of time, nunc pro tunc to June 22, 2012. Defendants' responses to plaintiff's first and second sets of interrogatories, requests for production of documents, and requests for admissions, were therefore due on June 29, 2012.

**II.    Motion to Compel**

Plaintiff moves to compel defendants' responses to his requests for admissions, requests for production, and interrogatories. Based on the motion to compel and its exhibits, plaintiff appears to have served the following discovery requests: (1) requests for admission directed to each individual defendant, Dckt. No. 78, Exs. 6, 15, 17, 18, 19, 20; (2) a request for production directed at all defendants, *id.*, Ex. 2; and (3) hybrid requests for "Interrogatories and Production of Documents," directed toward individual defendants, *id.*, Exs. 6, 15, 17. As set forth below, plaintiff contends that defendants failed to respond to some requests, and served untimely responses to others. In addition, plaintiff contends that as to some of his requests, defendants provided deficient objections or responses.

### A. Requests for Admission

Plaintiff contends that none of the defendants responded to his April 21, 2012 requests for admission. Defendants' opposition shows that each of the six defendants timely served their responses to plaintiff's requests for admission on June 29, 2012. Dckt. No. 84-3, Exs. O, P, Q, R, S, T. Accordingly, plaintiff's motion to compel responses to his requests for admission is denied.

### B. Request for Production ("RFP") Directed to All Defendants

As noted, plaintiff served a single request for production directed at all defendants. Although plaintiff contends that defendants' response was untimely, defendants' opposition shows that they timely responded on June 28, 2012. Dckt. Nos. 84-2, Ex. B.

Plaintiff also contends that defendants failed to "produce for inspection and copying" the documents requested in RFP Nos. 1-5. Dckt. No. 78 at 2-3. If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovering party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3). As the moving party, plaintiff bears the burden of informing the court why he believes defendants' objections are not justified, and why the information he seeks through discovery is relevant to the action. *See, e.g., Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified."). Here, defendants objected to RFP Nos. 1-5. As discussed below, plaintiff's motion does not address the sufficiency of these objections.

In response to RFP No. 1, defendants objected, but agreed to make the "Program Status Report, Part B, available for inspection and copying." Dckt. No. 84-2, Ex. B. Defendants' opposition does not address plaintiff's contention that they failed to do so. To the extent they

////

3

have not done so already, the motion is granted and defendants shall make the referenced document available to plaintiff within 21 days from the date of this order.

In RFP No. 2, plaintiff sought documents relating to Program Status Reports involving race-based lockdowns from April 2011 until 2012 – well after the 2009 lockdowns at issue in this case. Dckt. No. 78, Ex. 2. Defendants objected to the request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calling for documents protected by the official information privilege. Dckt. No. 84-2, Ex. B. Plaintiff does not contend that defendants' objections lack merit, but argues that the requested documents are needed to prevent this case from falling within that category of harm "capable of repetition, yet evading review." Dckt. No. 78 at 8. Plaintiff's argument is not responsive. Nor is his point convincing, given that he seeks damages and not injunctive relief. *See* Dckt. No 1 (Complaint). Defendants' alleged conduct, for which plaintiff seeks damages, will not evade judicial review. Plaintiff's motion to compel is denied as to this request.

In RFP No. 3, plaintiff sought, "Any and all documents that refer or relate to policies, procedures and practices in effect that gives prison officials at California State Prison-CSP-Solano, the authority to racial profilled [sic] inmates by color coding their cell doors." Dckt. No. 78, Ex. 2. Defendants objected to the request as vague, ambiguous, and argumentative. Dckt. No. 84-2, Ex. B. It is apparent from plaintiff's motion to compel that he seeks documents reflecting CSP-Solano's alleged policy of using color coded tags on cell doors to identify inmates by race. So construed, defendants' objections are overruled. Defendants shall search for and produce to plaintiff the document or documents, if any, that set forth the referenced policy or practice.

In RFP Nos. 4 and 5, plaintiff sought, "Any notes, documents, letters, memoranda, files, records, record books, logs grievance reports or written communications concerning complaints made against Defendant E. Roger." Dckt. No. 78, Ex. 2. Defendants objected to the request as invading the rights to privacy of third parties and defendant Rogers, and as overly broad, unduly

4

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and invading the attorney-client privilege. Dckt. No. 84-2, Ex. B. Plaintiff's motion fails to address the validity of these objections. Rather, plaintiff contends that the requested documents will show generally whether or not Rogers has a history of complying with "procedures, rules, and regulations." Dckt. No. 78 at 7. Plaintiff has not shown how RFP Nos. 4 and 5, which are not limited in time or by relevant subject matter, are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel is denied as to these requests.

### C. Requests for Interrogatories and Production of Documents

In addition to the request for production directed toward all defendants, plaintiff served hybrid requests for "Interrogatories and Production of Documents," directed toward individual defendants. Defendants' opposition shows that defendants timely responded to these requests between the dates of June 12, 2012 and June 29, 2012. Dckt. Nos. 84-2, 84-3, Exs. C-H (interrogatories), Exs. I-N (requests for production).

Plaintiff's motion to compel is based, in part, on defendants' objection to these requests as improperly combining interrogatories with requests for production. *See* Dckt. No. 78 at 4 ("Defendants did absolutely no research into their theory that plaintiff improperly combines interrogatories and requests for production of documents"). Plaintiff's motion cannot be sustained on this ground. Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve interrogatories; Rule 34 allows a party to serve a request for production. The Rules do not authorize the type of hybrid request served by plaintiff. In a declaration submitted with defendants' opposition, defense counsel explains how he responded to plaintiff's hybrid requests:

> In responding to them, I reproduced each request twice, labeling one as a response to interrogatories and the other as a response to a request for production of documents. Although I believe the combination of these discovery methods is not authorized by the Federal Rules of Civil Procedure, I thought it overly technical to refuse to answer on this basis. Accordingly, I responded to the requests that asked for information as interrogatories, and to the requests that asked for documents as requests for production of documents.

5

Dckt. No. 84-1, Steele Decl. ¶ 3. Defendants submit that they did not refuse to answer any interrogatory, or withhold any documents, on the basis of this objection. Dckt. No. 85 at 5. Defendants contend they answered or interposed pertinent objections to those requests that posed interrogatories, and produced documents, or interposed pertinent objections to those requests that asked for documents. *Id.* Plaintiff fails to show how defendants' responses in this regard are deficient.

Plaintiff also contends that defendants improperly refused to produce documents based on the assertion that they do not have possession, custody or control of responsive documents. *See* Dckt. No. 78 at 4-5 (defendants Roger and Kesterson's response that responsive documents are "not in their control or possession" is "frivolous[ ] and hold[s] no substance[ ]"). Plaintiff does not identify the particular requests to which defendants responded on this basis, or otherwise show that defendants have possession, custody, or control over any responsive documents that were not produced. Since plaintiff does not identify which of defendants' responses are disputed, or explain why he believes defendants' responses are deficient, his motion to compel on this basis must be denied. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009).

The only specific responses to the hybrid requests that plaintiff appears to challenge in his motion to compel are: (1) defendants Rogers and Kesterson's responses to interrogatory number 9; and (2) defendant Rogers response to interrogatory number 12.

Interrogatory number 9 asked defendants Rogers and Kesterson if they know what "race based lockdown" means, and if so, to state an "answer as briefly as possible," or "explain." Dckt. No. 84-2, Exs. D, E. Defendants objected to the requests as vague and ambiguous as to whose definition of "race based lockdown" applies. Although plaintiff does not further clarify what he means by the term "race based lockdown," there is little mystery that this case challenges a practice and policy of locking down inmates based on race. It is clear that plaintiff

6

uses that term in the context of the defendants' application of the CDCR's policies. The defendants may, if they deem it necessary, clarify and define the terms with whatever explanation they believe is necessary, but the interrogatory is not vague and ambiguous. The objections are overruled and the motions is granted as to Interrogatory number 9. Defendants shall answer the interrogatory within 21 days from the date of this order.

Interrogatory number 12 asked defendant Roger if he knows whether all black and Northern Hispanic inmates were placed on a modified program on June 16, 2009, and whether they lost "all privileges and rights" and were confined to their cells for 24 hours. Dckt. No. 84-2, Ex. E. Roger objected that the interrogatory was vague and ambiguous. Again, the defendant may explain and clarify his answer in the context of the CDCR policies and practices as he understands and applies them, but the interrogatory is not vague and ambiguous. If only a limited amount of privileges are at issue, defendant can surely make that clarification. The objection is overruled and defendant shall answer the interrogatory within 21 days from the date of this order.

Defendant Roger also responded to this request by stating that he did not recall the answer to the question. Defendant Roger shall have 21 days from the date of this order to refresh his recollection and properly certify whatever response he has after attempting in good faith to refresh his memory. Defendant is admonished that he may be limited at trial if he later offers testimony that could have--and should have--been provided in response to this discovery request.

As set forth above, plaintiff's motion to compel is granted in part, as to RFP Nos. 1 and 3. A party who prevails on a motion to compel is entitled to his expenses, unless the losing party was substantially justified in its response, or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5). Here, it is not clear whether defendants actually failed to make available the document responsive to RFP No. 1. Moreover, the plaintiff's motion is granted in

////

part and denied in part. Accordingly, the court does not award costs for bringing the instant motion.

Accordingly, the court hereby ORDERS that:

1. Defendants' May 29, 2012 request for an extension of time (Dckt. No. 72), is granted, nunc pro tunc, to June 22, 2012.

2. Plaintiff's motion to compel (Dckt. No. 78) is granted to the extent that: a) in response to RFP No. 1, defendants shall, within 21 days of the date of this order, make available to plaintiff the "Program Status Report, Part B"; and b) in response to RFP No. 3, defendants shall, within 21 days of the date of this order, search for and produce to plaintiff the document or documents, if any, that set forth CSP-Solano's policy or practice of using color coded tags on cell doors to identify inmates by race ; and c) in response to Interrogatories numbers 9 and 12. In all other respects, plaintiff's motion is denied.

3. Dispositive motions, if any, shall be filed within 90 days from the date of this order.

DATED: March 28, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE